**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO ROBERTO BORORING, | No. 10-72293 |
| Petitioner, | Agency No. A078-020-218 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012<sup>**</sup>

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Mario Roberto Bororing, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reconsider, *Cano-Merida v. INS*, 311 F.3d

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

960, 964 (9th Cir. 2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Bororing's motion to reconsider his withholding of removal claim under the disfavored group analysis where Bororing failed to show sufficient individualized risk to establish that it is more likely than not he would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant[.]").

We reject Bororing's request to reconsider our stance regarding a pattern or practice of persecution against Christians in Indonesia, and we do not consider the 2010 Report attached to his opening brief. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (this court's review is limited to the administrative record).

We lack jurisdiction to consider Bororing's contentions concerning equitable tolling of the one-year time bar for his asylum application because he failed to exhaust these arguments before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We do not consider Bororing's remaining contentions concerning his asylum claim because the claim was not addressed by the BIA, *see*

2

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court's review is limited to grounds relied upon by the BIA), and Bororing does not argue in his opening brief that the BIA erred in failing to address the claim, *see Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**